JINA L. CHOI (Admitted to N.Y. bar)
SUSAN F. LaMARCA (Admitted to Cal. bar)
   lamarcas@sec.gov
TRACY L. DAVIS (Admitted to Cal. bar)
   davistl@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br>  v.<br><br>STEVEN E. TENNIES AND PRICE GELD & COMPANY, INC.,<br><br>       Defendants. | Case No. 3:09-cv-0370-EJL<br><br>PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO TURNOVER FUNDS IN COURT'S CRIS ACCOUNT TO UNITED STATES TREASURY |

Plaintiff Securities and Exchange Commission (the "SEC" or the "Commission") hereby moves the Court for an order directing the turnover of funds totaling approximately $20,000 presently held in this Court's CRIS account for this case to the United States Treasury. The funds were deposited by Defendant Steven E. Tennies ("Tennies"), pursuant to the Final Judgment entered against him in 2009. The SEC does not anticipate any opposition to this motion, as the two defendants, Tennies and the company he founded and controlled, Price Geld & Company, Inc. ("Price Geld"), both settled with the SEC at the outset of this case.

**1.  Procedural History Explaining Source of the Funds in the CRIS Account**

On July 30, 2009, the SEC filed this case alleging that defendant Tennies and co-defendant Price Geld engaged in a scheme involving the fraudulent offering of securities in violation of the federal securities laws, namely Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, Sections 5(a) and (c), and 17(a) of the Securities Act of 1933 ("Securities Act"), and Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 thereunder. 15 U.S.C. §§ 78j(b), 77e(a) & (c), 77q(a), 80b-6(1), (2) & (4); 17 C.F.R. §§ 240.10b-5, 275.206(4)-8. *See* ECF No. 1 (Complaint). Defendant Tennies and co-defendant Price Geld each also consented to the entry of final judgments against them at the time the SEC filed the Complaint against them. *See* ECF Nos. 2, 3 (Consents to Final Judgment of Tennies and Price Geld, filed July 30, 2009).

In the Final Judgment against Tennies, in addition to enjoining him from further violations of the securities laws set forth above, the Court ordered him to pay a total of $1,719,213.57 in disgorgement (with prejudgment interest) representing his ill-gotten gains obtained through the conduct described in the complaint. ECF No. 6, ¶ III (Final Judgment as to Tennies). The Final Judgment ordered Tennies to pay that amount to the Clerk of the Court. *Id*. Thereafter, Tennies paid a total of $20,000 toward this obligation to the Clerk of the Court, which remains in the Court

SEC'S MOTION RE: TURNOVER OF FUNDS – 1

Registry Investment System ("CRIS") account associated with this case. Because the defendants have paid no further amounts, and the SEC has not succeeded in collecting any further amounts from either defendant to date, the SEC does not expect the remainder of the outstanding judgments to be successfully collected.

### 2. Turnover of the Funds to the United States Treasury Is Appropriate

By this motion, the SEC seeks an order directing the turnover of the funds currently in the CRIS account, approximately $20,000, to the United States Treasury. Although it is the Commission's preference, where feasible and appropriate, for disgorged money to be distributed to any persons who were harmed by a defendant's wrongdoing, such a distribution is not required. Courts have recognized that funds collected by the SEC may "very well end up in the United States Treasury" especially "where the victims cannot be identified." *See SEC v. Lorin*, 869 F. Supp. 1117, 1129 (S.D.N.Y. 1994). The principal goal of disgorgement – to deprive a wrongdoer of the benefits flowing from his violations – is achieved regardless of whether funds are distributed. *See SEC v. First Pacific Bancorp*, 142 F.3d 1186, 1191-92 (9th Cir. 1999) ("Disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable."); *SEC v. Rind*, 991 F.2d 1486, 1491-92 (9th Cir. 1993) ("Although the Commission at times may use the disgorged proceeds to compensate injured victims, this does not detract from the public nature of Commission enforcement actions: 'the touchstone remains the fact that public policies are served and the public interest is advanced by the litigation.'").

In the instant case, the practical realities dictate against any distribution to harmed persons, now or in the future. As set forth in the Complaint, defendants are alleged to have engaged in a fraudulent scheme, from 2003 through 2008, that raised approximately $2.3 million from at least 34 investors on accounts of up to $50,000 each. Complaint (ECF No. 1), ¶ 13. As the Complaint further details, investors were returned a small portion of that amount, but their returns were actually paid

SEC'S MOTION RE: TURNOVER OF FUNDS – 2

through investments by new investors, rather than actual returns earned on securities investments as promised by defendants. *See id*. ¶¶ 21-22.[1] As a result, investors each suffered far more in losses than is likely ever to be recovered. Indeed, the amount recovered to date – approximately $20,000 – could not feasibly be distributed, as the cost of a distribution would likely erode most, if not the entirety, of the value of those funds. Accordingly, the SEC asks that the full amount in the CRIS account related to this action be turned over to the United States Treasury.

**CONCLUSION**

For the above reasons, the Commission requests that the Court order the turnover of the approximately $20,000 in funds in the CRIS account to the United States Treasury.

Dated: November 7, 2018  Respectfully submitted,

/s/ *Susan F. LaMarca*
Susan F. LaMarca
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

---

[1] This Court also presided over the criminal case against defendant Tennies, filed at the time of the SEC's case, in which the defendant pled guilty to four counts of mail and wire fraud and was sentenced to four years in prison and ordered to pay restitution to victims of $1.6 million.

SEC'S MOTION RE: TURNOVER OF FUNDS – 3

## CERTIFICATE OF SERVICE

I, Janet Bukowski, am a citizen of the United States, over 18 years of age, and am not a party in this action.  I hereby certify that on November 7, 2018, the PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO TURNOVER FUNDS IN COURT'S CRIS ACCOUNT TO UNITED STATES TREASURY was e-filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> **Robert P Tunnicliff**
> 1135 SE Sandalwood Dr.
> Pullman, WA 99163
> (208) 882-0501
> Email: rtunnicliff@pullman.com

I further certify that on such date I served the foregoing on Mr. Robert P. Tunnicliff via U.S. Mail, postage pre-paid (with a copy by e-mail), addressed as described above.


Dated:   November 7, 2018             /s/  *Janet Bukowski*
                                      Janet Bukowski
                                      Paralegal Specialist
                                      SECURITIES AND EXCHANGE COMMISSION